IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAWN GILL, et al., Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> CONCORD EMS, INC. and GENEVA TRANSPORT, INC. <br><br> *Defendant*. | CIVIL ACTION NO: <br><br> JURY DEMANDED |

# PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFF SHAWN GILL, individually and behalf of all others similarly situated, ("Plaintiffs"), files this lawsuit as a collective action against CONCORD EMS, INC. and GENEVA TRANSPORT, INC. ("Defendants") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, pursuant to the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA"), and will show the following:

## I.  NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former Concord EMS and Geneva Transport (hereinafter "Concord" and "Geneva") employees. Concord and Geneva have violated the rights of all similarly

situated Medical Transport Drivers under the Fair Labor Standards Act ("FLSA") by failing to pay them overtime compensation for work performed in excess of forty (40) hours per week.

2. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. (1) the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). (2), the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). (3) the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(c); 29 U.S.C § 516.2(a)(7).

3. Plaintiff and Class Members contend that Defendants failed to pay overtime in accordance with the FLSA for at least the three-year period preceding the filing of this action. Defendants' violations are described as follows.

4. Defendants violated and continue to violate the FLSA by failing to pay their drivers, including Plaintiff and Class Members, time and one-half for each hour worked in excess of 40 hours per workweek.

5. Defendants violated and continue to violate the FLSA by disallowing 30-minute meal periods from Plaintiff's and drivers when working more than eight hours. Even though, Defendants knew that Plaintiff and Class Members, routinely worked throughout the designated 30-minute meal period.

6. Plaintiffs seek declaratory and injunctive relief; an award of money damages for economic losses caused by Defendants' unlawful conduct, including lost wages and compensation; liquidated damages under the FLSA and Labor Law; prejudgment interest; Plaintiffs' reasonable attorney's fees; costs of this action; and any further relief this Court deems just and equitable.

## II.      JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. section 2000e-5(f)(3), and 29 U.S.C. § 216(b) in that claims are asserted the FLSA (29 U.S.C. § 201 et seq.).

8.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiffs transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.  At all times pertinent to this Complaint, Defendant engaged medical transport services by conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, and the Internet.  At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to the Defendant's business.  Specifically, Plaintiffs traveled on interstate highways in the performance of their duties and exclusively used interstate communications to perform their job duties.

## III.      THE PARTIES

9.      Plaintiff, Shawn Gill is an individual residing in Harris County, Texas. Mr. Gill was employed by the Defendants from 2015 until February 8, 2020. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Plaintiff also brings an FLSA retaliation claim on his own behalf.

10.      Plaintiff, Simon Guzman is an individual residing in Harris County, Texas. Mr. Guzman was employed by the Defendant from June 2019 until November 28, 2019. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with

3

this Court their consent to sue.

11. Plaintiff, Malik Luster is an individual residing in Harris County, Texas. Mr. Luster was employed by the Defendant from January 2019 and is currently still employed. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

12. Plaintiff, Burnell R. Bell, is an individual residing in Harris County, Texas. Mr. Bell was employed by the Defendant from October 2018 and is currently still employed. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

13. Plaintiff, Devon Leith, is an individual residing in Harris County, Texas. Mr. Leith was employed by the Defendant from September 2019 and is currently still employed. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

14. Defendant, CONCORD EMS, Inc. is a domestic professional corporation operating out of Houston, Texas. CONCORD EMS, Inc. headquarters is located at 5829 Beverly Hill St, Houston, TX 77057 and may be served with process through its owner and Registered Agent, Ms. Gloria Broussard at 5829 Beverly Hill St, Houston, TX 77057.

15. Defendant, GENEVA TRANSPORT, Inc. is a domestic professional corporation operating out of Houston, Texas. GENEVA TRANSPORT, Inc. headquarters is located at 5829 Beverly Hill St, Houston, TX 77057 and may be served with process through its owner and Registered Agent, Ms. Gloria Broussard at 5829 Beverly Hill St, Houston, TX 77057.

16. At all times relevant to this suit, Defendants CONCORD and GENEVA acted as a single integrated enterprise and joint employer of Plaintiffs. The Defendants have interrelation of

operations, centralized control of labor relations, common management and common ownership.

## IV. FACTS

17. At all times relevant to this lawsuit, Defendants were, and remain, an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203 and is subject to the FLSA.

18. Defendants all constitute "joint employers" for the purposes of the "hybrid economic realities/common law control test" set forth in *Spirides v. Reinhardt*, 613 F. 2d 826, 831 (D.C. Cir. 1979). *See Mares v. Marsh*, 777 F.2d 1066, 1067-68 (5th Cir. 1985) (adopting test). *See also Deal v. State Farm County Mut. Ins. Co. of Tex.*, 5 F.3d 117 (5th Cir. 1993).

19. Defendant, CONCORD and GENEVA. are service companies that provide medical transport to individuals around the Houston area. Defendant provides its own local employees to complete the routes throughout the city of Houston and surrounding areas.

20. Defendant employed Plaintiffs and others similarly situated at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g). Plaintiff asserts upon information and belief that Defendant's annual revenues exceeded $500,000.00 during the relevant time period.

21. In performing their duties for Defendants, Plaintiffs and others similarly situated were employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, Defendant has employees utilizing interstate telephone and broadband communications for the commercial purposes of Defendant's enterprise. Moreover, Defendant required Plaintiffs to complete medical transport routes throughout Houston, which required them to travel through the corridors of interstate commerce.

22. Plaintiffs and others similarly situated were employed as Medical Transport Drivers that traveled throughout Houston on behalf of Defendant's client-customers. Plaintiffs and other similarly situated were never classified as independent contractors, nor were they considered

exempt from overtime requirements. Medical Transport Drivers such as the Plaintiffs are not professionals for purposes of the FLSA and are not exempt from the overtime.

23. Plaintiffs and others similarly situated are paid a flat sum for each week worked, regardless of the number of hours that they worked that workweek and Defendants failed to provide Plaintiffs with overtime pay for hours that they worked in excess of 40 hours in a workweek. Plaintiffs and others similarly situated were not compensated for working more than forty (40) hours a week, which equated to one and one-half their regular rate of pay, as required by overtime compensation laws.

24. Upon information and belief, other similarly situated drivers at CONCORD and GENEVA are also uniformly paid in a fashion like Plaintiffs and not compensated for the extra time, in excess of forty (40) hours.

25. Specifically, CONCORD and GENEVA are in the business of providing a service to its client-customers—the very task that its drivers are hired to perform. However, the experienced drivers that CONCORD and GENEVA claimed to have on staff were not exempt employees. The work performed by the non-exempt drivers is integral to Defendants' business in that CONCORD and GENEVA simply could not function without their contributions.

26. Moreover, upon information and belief, in the three-year period preceding the filing of this lawsuit, CONCORD and GENEVA failed to make, keep, and preserve accurate paystubs indicating the hours Plaintiffs worked. Defendants would pay Plaintiffs checks that did not indicate whether taxes were taken out. Plaintiffs' checks, typically, did not state the number of hours each Plaintiff worked during the pay period. Furthermore, the paychecks did not indicate the hourly pay rate.

27. Plaintiffs and others similarly situated are entitled to overtime at one-and-one-half times

their regular rates of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. § 207.

28. Defendants did not pay Plaintiffs and others similarly situated one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week. Instead, Defendants paid Plaintiffs a flat rate without calculating time and a half for hours worked in excess of 40 hours. Plaintiffs that worked for Defendant GENEVA often had their paychecks bounce, and Defendant CONCORD would subsequently pay their wages since both companies have the same owner.

29. Defendants typically scheduled Plaintiffs to work in excess of 8 to 15-hour shifts, for as many as 3-6 days a week. Plaintiffs typically work their shift straight without any meal or restroom break. Plaintiffs periodically do medical transport routes as they are assigned during their shift. However, at the conclusion of the medical transport routes, Plaintiffs are not granted the opportunity to clock out and take a break. Thus, Plaintiffs are required to work 8 to 15-hour shifts without any meal or lunch break.

30. Defendant violated the FLSA because it did not pay Plaintiffs and others similarly situated overtime compensation that they should have received for the hours worked in excess of forty (40) in a workweek. Plaintiffs and others similarly situated nonexempt employees did not receive overtime compensation for hours worked for CONCORD and GENEVA.

31. As a result, Plaintiffs and others similarly situated did not receive compensation they were legally entitled to receive. The work performed by Plaintiffs and others similarly situated was with Defendant's knowledge. Defendant issued checks, and acknowledged that drivers were being paid at the normal rate even though Plaintiffs worked more than forty (40) hours. However, Defendants never indicated the number of hours Plaintiffs worked during each pay period, and Plaintiffs were left to assume the payment was correct without any justification from paystubs.

32. The FLSA requires employers to make, keep, and preserve accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

33. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

34. The illegal pattern or practices on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

35. No exemption excuses Defendants for failing to pay Plaintiffs at their proper overtime rate of time and a half for all hours worked in excess of forty (40).

36. Defendant has not made a good faith effort to comply with the FLSA. Contrarily, Defendant has willfully violated the FLSA when they paid Plaintiffs for working over forty (40) hours, but blatantly failed to pay time and half for each minute after forty (40) hours.

37. CONCORD and GENEVA's above-referenced illegal conduct has caused significant injury to Plaintiffs, including, but not limited to, the following: lost compensation, lost benefits and other privileges of employment; pain and suffering; mental anguish; emotional distress; embarrassment; humiliation; loss of enjoyment of life; irreparable damage to their good name and reputation; and irreparable damage to their professional career and future earning potential.

38. Plaintiff, Shawn Gill, worked as a driver at the beginning of his employment from 2015-2018. In January 2020, Mr. Gill was given a promotion and raise, which made him in charge of payroll. However, Defendants required Mr. Gill to keep payroll under $12,500.00. Mr. Gill could not figure out how to keep payroll under the budget, and after his first payroll, he was terminated because he did not keep payroll under the amount required by his superiors. Mrs. Shamia Harper (HR representative), terminated Mr. Gill and told him he was fired only because he did not keep the payroll where Defendants required it to be. Even though, Mr. Gill believed it would have been

illegal for him to keep payroll that low (i.e. other employees would not have been paid the correct amount for the number of hours they worked).

39. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff and similarly situated employees' rights.

### V. FIRST CAUSE OF ACTION: FLSA OVERTIME VIOLATIONS

40. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

41. Plaintiff and others similarly situated were employees of GENEVA and CONCORD. as set forth above.

42. As employees of GENEVA and CONCORD, Plaintiffs and others similarly situated drivers were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek. As employees of CONCORD and GENEVA, Plaintiffs and others similarly situated were legally entitled to overtime compensation.

43. Defendant failed to pay Plaintiffs and others similarly situated at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day work week in violation of the FLSA 29 U.S.C. § 207.

44. As a result, Plaintiffs and others similarly situated did not receive the compensation they were legally entitled to receive.

45. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs and other similarly situated employees' rights.

46. As a result of Defendant's willful violations of the FLSA, Plaintiffs and others similarly situated are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant

to 29 U.S.C. § 216(b).

### VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

47. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

48. The FLSA requires employers to make, keep, and preserve accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt. 516.

49. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

50. Defendant failed to properly record and pay Plaintiffs their wages.

### VII. THIRD CAUSE OF ACTION: FLSA RETALIATION

51. Plaintiffs incorporate the allegations set forth above in the preceding paragraphs.

52. This count sets forth a claim by for declaratory relief, injunctive relief, and damages for Defendants' violations of the FLSA's anti-retaliation provisions.

53. Plaintiff Shawn Gill complained to the Defendants on or around January 26, 2020 about violations of other employees' rights under the Fair Labor Standards Act since Defendants required Plaintiff Shawn Gill to keep payroll under a $12,500.00 budget. On February 3, 2020, Plaintiff Shawn Gill was terminated eight days after asserting his rights under the Fair Labor Standards Act by giving notice to Defendants that the payroll budget violated the FLSA.

54. Plaintiff Shawn Gill's notice to Defendants constituted protected activity under the FLSA.

55. In response to Mr. Gill wanting to pay proper wages, Defendants unlawfully retaliated against Plaintiff Shawn Gill by firing him because he did not keep payroll under the $12,500.00 budget.

56. Defendants' conduct in response to protected activity violated the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3).

57. As a result of Defendants' unlawful and retaliatory conduct as described above, Plaintiff Shawn Gill suffered substantial damages.

58. As a result of Defendants' violations of the FLSA, Plaintiff Shawn Gill is entitled to recover damages that arose as a result of Defendants' actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), pursuant to 29 U.S.C. § 216(b), including reinstatement. All Plaintiffs seek an order enjoining the Defendants from retaliating against the Plaintiffs, the Opt-In Plaintiffs and any of the Defendants' present or former employees, many of whom are prospective members of this collective action.

## VIII. COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

60. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

61. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

62. Defendants' patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

63. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

64. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendant.

65. All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former employees who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

66. Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

67. As a result of Defendant's willful violations of the FLSA, others similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## IX. JURY DEMAND

68. Plaintiffs demands a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## X. PRAYER

69. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. For an Order appointing Shawn Gill and his counsel to represent the interests of the

FLSA Class;

c. judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

d. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
Alfonso.Kennard@KennardLaw.com

**AND**

Eddie Hodges Jr.
Texas Bar No. 24116523
Southern District Bar No. 3479748
Co-Counsel
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
eddie.hodges@kennardlaw.com
**ATTORNEY FOR PLAINTIFFS**