United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHAWN GILL, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | **CIVIL ACTION NO. 4:20-CV-528** |
| | § | |
| CONCORD EMS INC, *et al*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the Court[1] is Plaintiffs' Motion for Conditional Certification (Dkt. No. 40). The Court has considered the motion, Defendants' response (Dkt. No. 44), Plaintiffs' reply (Dkt. No. 46), the evidence, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiffs' Motion for Conditional Certification be **GRANTED IN PART AND DENIED IN PART**.

I.    **BACKGROUND**

This is a collective action filed under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages.[2] 29 U.S.C. §201. Defendant Concord EMS ("Concord") and Defendant Geneva Transport ("Geneva") provide transportation to individuals in Houston.[3] Both Concord and Geneva are owned by Gloria Broussard.[4] Concord employs licensed paramedics and

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 29.)

[2] Dkt. No. 39 at 1.

[3] *Id.*; Dkt. No. 43 at 5.

[4] Dkt. No. 43 at 5.

emergency medical technicians ("EMTs") to provide medical ambulance services for customers that require medical care.[5] Geneva provides "unskilled wheelchair van delivery services" and employs drivers to transport customers from their homes or care facilities to medical appointments.[6] Unlike Concord drivers, Geneva drivers are not required to have any kind of special licensing or qualifications.[7]

Plaintiffs are current and former employees of Geneva. Five plaintiffs are former Geneva drivers: Shawn Gill from 2015 to February 2020; Simon Guzman from June 2019 to November 2019; Malik Luster from January 2019 to March 2020; Devon Leith from September 2019 to early 2020; and Michael Steven Pickel from September 2017 to late 2018.[8] Plaintiff Gill also worked as a Geneva supervisor beginning in 2018.[9] One plaintiff is a current Geneva driver: Burnell R. Bell from October 2018 to present.[10] Notably, there are no Concord employees present in the case.[11]

Plaintiffs filed suit on February 14, 2020.[12] In their fourth amended complaint, Plaintiffs allege that Defendants' pay practices constitute a willful violation of the FLSA's overtime requirements.[13] Geneva's employees are paid biweekly and may work up to 80 hours over the

---

[5] Dkt. No. 44 at 14.

[6] *Id.* at 14–15.

[7] *Id.* at 6–7.

[8] Dkt. No. 39 at 3; Dkt. No. 40 at 8–14.

[9] Dkt. No. 39 at 11; Dkt. No. 40 at 14.

[10] Dkt. No. 39 at 4; Dkt. No. 40 at 8.

[11] Plaintiff Pickel claims he wore a Concord uniform and drove a Concord van, but also states that he was a Geneva employee. (Dkt. No. 40-5 at 6–7.) Plaintiff Pickel is not a licensed paramedic or EMT. (Dkt. No. 40 at 13.) As to Plaintiff Gill, Defendants acknowledge that he worked for Concord more than two years ago. (Dkt. No. 44 at 9.) However, Plaintiff Gill is not a licensed paramedic or EMT, and he worked as a Geneva supervisor in the two years prior to filing this lawsuit. (*Id.*)

[12] Dkt. No. 1.

[13] Dkt. No. 39 at 11–12.

course of two weeks. While this presumably breaks down into 40 hours per week, Plaintiffs explain that they would occasionally work more than 40 hours in a single week.[14] However, Plaintiffs allege that they were not paid time-and-a-half for those additional hours.[15] According to Plaintiffs, if they worked more than 40 hours during one week of their pay schedule, their hours would be limited in the other week or they would be instructed to work "off the clock."[16] This kept their total hours worked at the end of the two-week period to approximately 80 hours. Plaintiffs allege that Defendants developed this pay practice to hide if an employee worked over 40 hours per week to thus avoid paying overtime compensation. Plaintiffs assert that Concord's employees are subject to the same pay practice.[17]

Plaintiffs seek conditional certification[18] for an FLSA class consisting of:

> All EMT, Paramedics, Wheelchair Transport Drivers and/or nonexempt hourly employees who worked for Concord EMS and Geneva Transport Inc. who worked in excess of forty hours per week and were not compensated for those hours at the applicable overtime rate, and/or is misclassified as an exempt employee from February 14, 2017 to the present.[19]

The parties have agreed to a conditional class of Geneva employees, but disagree as to whether Concord employees should be included in the class. Defendants contend the Court should

---

[14] Under 29 U.S.C. §207(a)(1), an employee should be compensated one and one-half times their regular rate for a workweek longer than 40 hours.

[15] Dkt. No. 39 at 2.

[16] *Id.* at 9.

[17] *Id.* at 8–9.

[18] Plaintiffs originally filed a Motion for Conditional Class Certification on November 17, 2020. (Dkt. No. 30.) However, in light of the Fifth Circuit's decision in *Swales v. KLLM Transport Servs. L.L.C.*, 985 F.3d 430 (5th Cir. 2021), the Court asked Plaintiffs to refile in accordance with the new class certification standard. Plaintiffs filed the instant Motion for Conditional Class Certification on February 5, 2021. (Dkt. No. 40.)

[19] Dkt. No. 46 at 2.

deny class certification because Plaintiffs fail to show how Geneva and Concord employees are actually similar.[20] Defendants also argue that Plaintiffs fail to show a common plan or policy regarding overtime pay between Geneva and Concord employees.[21]

## II.    LEGAL STANDARD

The FLSA authorizes employees to maintain a suit against employers "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In January 2021, the Fifth Circuit announced a new framework for assessing whether potential collective action members in FLSA suits are "similarly situated" in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021).

In *Swales*, the Fifth Circuit rejected the two-stage approach used in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). *Swales*, 985 F.3d at 434 ("*Lusardi* has no anchor in the FLSA's text or in Supreme Court precedent interpreting it. Indeed, the word 'certification,' much less 'conditional certification,' appears nowhere in the FLSA. We therefore reject *Lusardi*'s two-step certification rubric."). Instead, *Swales* implements two requirements relevant to determining whether to certify a collective action on a conditional basis and issue notice: "(1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those 'similarly situated' may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may facilitat[e] notice to potential plaintiffs for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation." *Id.* (internal quotations omitted).

Courts should now "identify, at the outset of the case, what facts and legal considerations

---

[20] Dkt. No. 44 at 5.
[21] *Id.*

will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441. "After identifying the material facts and legal considerations at issue, the Court may decide (i) collective action is not appropriate; (ii) additional discovery is needed to make a determination; or (iii) a certain category of employees is similarly situated and should be given notice." *Young v. Energy Drilling Co.*, No. 4:20-CV-1716, 2021 WL 1550343, at *2 (S.D. Tex. Apr. 20, 2021) (quoting *Swales*, 985 F.3d at 443). Plaintiffs suing as representatives bear the burden of demonstrating that the plaintiffs and proposed opt-ins are similarly situated. *Sterling v. Greater Houston Transportation Co.*, No. 20-CV-910, 2021 WL 2954663, at *2 (S.D. Tex. July 14, 2021).

## III.    ANALYSIS

Since the parties have agreed to a conditional class of Geneva employees, the only question before the Court is whether the class should also include Concord employees.[22] Plaintiffs are made up of current and former Geneva employees. As this stage, there are no Concord employees participating in this litigation. As a result, it is improper for the class to include Concord employees. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 807 (S.D. Tex. 2010) (finding notice improper to employees of other businesses when there were no current or former employees of the other businesses participating in the case); *see Lucas v. BMS Enters., Inc.*, No. 3:09–CV–

---

[22] Defendants also note that there is a "significant question as to whether the FLSA applies to it" at all, given that Geneva's revenue is below the $500,000 requirement. (*Id.* at 13–14, 20.) The issue at this stage is not whether Plaintiffs will ultimately prevail on their cause of action, but whether the Court can determine if the named plaintiffs and proposed class members are similarly situated. *Sterling*, 2021 WL 2954663, at *2; *Miller v. Mackey Intern., Inc.*, 452 F.2d 424, 427 (5th Cir. 1971) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of [class certification] are met.").

2159, 2010 WL 2671305, at *3 n.7 (N.D. Tex. July 1, 2010) (declining to include in a class employees of a related employer when none of the plaintiffs worked for the related employer, and clarifying that "*Aguilar* does not suggest that plaintiffs may state an FLSA claim against corporate entities whom the plaintiffs can merely show will be *some class member's* employer, but not *their* employer" (emphasis in original)).

Plaintiffs have also failed to show that there are Concord employees who may be interested in opting in. "Even when a common owner has only a few small locations, there must be at least some minimal showing that employees at other locations are interested in joining the suit." *McKnight*, 756 F. Supp. 2d at 807 (citing *Detho v. Bilal*, No. 07-CV-2160, 2008 WL 1730542, at *6 (S.D. Tex. Apr. 10, 2008)). Simply stating that "that there are Concord EMTs and Paramedics that have an interest in joining this lawsuit" is not enough.[23]

Geneva and Concord employ drivers of different skill-levels.[24] Geneva's drivers are not required to have special licensing to drive wheelchair accessible vehicles, whereas Concord's drivers are required to be licensed paramedics or EMTs in order to drive the Concord ambulances.[25] None of the Plaintiffs are licensed paramedics or EMTs. The Court disagrees with Plaintiffs' characterization of these distinctions as "minimal differences in job duties."[26] Likewise, the Court disagrees with Plaintiffs' contention that Concord's EMTs and paramedics and Geneva's wheelchair van drivers are similarly situated because they both provide transportation,[27] both

---

[23] Dkt. No. 40 at 7.

[24] Dkt. No. 44 at 6–7.

[25] *Id.*

[26] Dkt. No. 40.

[27] The Court recognizes that Concord's employees provide more than just transportation services. Because Concord's employees are required to be licensed paramedics and EMTs, these employees can also provide medical treatment or emergency medical intervention. (Dkt. No. 44 at

companies are owned by Gloria Broussard,[28] and both companies share a central phone number.

Plaintiffs only consist of former and current Geneva employees, there is no evidence that Concord employees are interested in opting-in, and there is no showing of how Concord's EMTs and paramedics and Geneva's wheelchair van drivers are similarly situated. Therefore, the Court finds that Plaintiffs have failed to meet their burden to prove how Concord employees should be part of a class of Geneva employees.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiffs' Motion for Conditional Certification be **GRANTED IN PART AND DENIED IN PART**. If this Memorandum and Recommendation is adopted by the District Judge, the parties should immediately meet and confer on the issue of notice.[29]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

18–19.)

[28] Plaintiffs assert that Concord and Geneva are a joint enterprise and are jointly owned by Gloria Broussard. (Dkt. No. 40 at 2.) Moreover, Plaintiffs assert that they are jointly employed by Concord and Geneva. (*Id.* at 3.) However, Plaintiffs acknowledge that Defendants' joint employer status has not been established that this stage. (*Id.* at 7.)

[29] *See id.* at 21.

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

      **SIGNED** in Houston, Texas on August 11, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge