United States District Court
Southern District of Texas
**ENTERED**
August 27, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHAWN GILL, *et al*, | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:20-cv-00528 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CONCORD EMS INC | § | |
| and GENEVA | § | |
| TRANSPORT INC, | § | |
| Defendants. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Defendant Concord EMS employs licensed paramedics and emergency medical technicians to provide medical ambulance services for customers requiring care. Dkt 44 at 14. Defendant Geneva Transport, Inc employs "unskilled and unlicensed" drivers to transport customers to medical appointments. Id at 14–15. Concord and Geneva are both owned by an individual named Gloria Broussard. Dkt 43 at 5.

Plaintiffs Shawn Gill, Simon Guzman, Mark Luster, Devon Leith, and Michael Steven Pickel are former Geneva employees and Plaintiff Burnell Bell is a current employee. Dkt 39 at ¶¶ 9–14; Dkt 40 at 8–14. Gill worked for Concord more than two years ago, but he worked for Geneva during the two years prior to the filing of this action. Dkt 39 at ¶¶ 42–44; Dkt 44 at 9. There's no allegation that any other Plaintiff works (or has worked) for Concord.

Geneva employees are paid biweekly and may work up to 80 hours over the course of two weeks. Based on this schedule, Plaintiffs say, that they would sometimes work more than 40 hours one week and less than 40 hours the next. Dkt 39 at ¶¶ 26–

35. But Plaintiffs allege that they weren't paid time-and-a-half during the weeks they exceeded 40 hours. Id at ¶ 4. Instead, their hours were allegedly limited the next week or they were instructed to work "off the clock." Id at ¶¶ 19, 26, 29, 31. Plaintiffs further insist that Concord's employees are subject to the same pay practice. Id at ¶¶ 19, 33–35.

Plaintiffs initially brought this collective action against Geneva and Concord in February 2020. Dkt 1. They subsequently amended their complaint four times. Dkts 7, 14, 19, 39. They assert Fair Labor Standards Act claims for overtime violations under 29 USC § 207 and a failure to maintain accurate records of hours worked by nonexempt employees under 29 USC § 211(c). Dkt 39 at ¶¶ 46–57. Gill and Burnell separately assert FLSA claims for retaliation under 29 USC § 215(a)(3). Id at ¶¶ 58–73. Plaintiffs also bring claims on behalf other similarly situated employees under 29 USC§ 216(b). Id at ¶¶ 74–81.

Prior to the filing of the fourth-amended complaint, this action was referred to Magistrate Judge Sam Sheldon in October 2020 for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 29.

Upon referral, Plaintiffs moved for conditional class certification but then withdrew the motion in January 2021. Dkts 30, 36, 37. They then moved for conditional certification again in February 2021. Dkt 40. Geneva and Concord filed an answer and response to the motion in March 2021, and Plaintiffs replied several days later. Dkts 43, 44, 46. The parties agreed to certification of a conditional class of Geneva employees, but they disagreed as to whether Concord employees should be included in the class. Geneva and Concord contended that the Court should deny class certification because Plaintiffs haven't shown how their respective employees are actually similar. Dkt 44 at 5. Geneva and Concord further argued that Plaintiffs haven't shown a common plan or policy regarding overtime pay between their respective employees. Ibid.

Judge Sheldon issued a Memorandum and Recommendation in August 2021, recommending that the motion for conditional certification be granted in part and denied in part. Dkt 47.

Because the parties agreed to a conditional class of Geneva employees, Judge Sheldon determined that the motion should be granted as to those employees. Id at 3, 5. But he determined that the motion should be denied as to Concord employees. Id at 5–7.

None of the parties filed objections.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

The Court has reviewed the pleadings, the record, the applicable law, and the recommendation. No clear error appears on the face of the record.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 47.

The motion by Plaintiffs Shawn Gill, Simon Guzman, Mark Luster, Devon Leith, and Michael Steven Pickel for conditional certification is GRANTED IN PART AND DENIED IN PART. Dkt 40.

The motion is GRANTED to the extent that it seeks certification of a conditional class of Geneva employees.

The motion is DENIED to the extent that it seeks certification of a conditional class of Concord employees.

SO ORDERED.

Signed on August 27, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3